Ashish Kapoor, Esq.
Kapoor Law Firm, PLLC
400 Garden City Plaza, Suite 432
Garden City, New York 11530
Telephone: (516) 307-8380
Fax: (516) 350-5580
akapoor@kapoorfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TERESA RAMIREZ,

                                                          Civil Action No.
                       Plaintiff,                     (ECF)

        -against-

CLINTON PANADERIA, INC., HERGUER
SEGOVIA, "JOHN DOE" and "JANE DOE,"

                       Defendants.
-----------------------------------------------------------------X

Plaintiff Teresa Ramirez (the "Plaintiff"), by and through her attorneys, Kapoor Law Firm, PLLC, hereby alleges as follows:

**NATURE OF THE ACTION**

1.  This is an employment case regarding Clinton Panaderia, Inc. ("Clinton") and its owner, Herguer Segovia ("Segovia"), along with its other owners, supervisors and/or staff members including John Doe and Jane Doe (collectively, the "Defendants") for the failure to pay overtime and regular wages in violation of the Fair Labor Standards Act, 29 U.S.C. §216(b), and the New York Labor Law, Article 19 §§650, *et seq*.

2.  This action is against (i) Plaintiff's former employer, Clinton, (ii) its owner and Plaintiff's supervisor, Segovia and (iii) other owners, supervisors, staff and employees, including John Doe and Jane Doe.

1

## PARTIES

3.      Plaintiff is an individual resident of the State of New York, with an address in Nassau County.

4.      Clinton is a New York corporation with a principal place of business at 429 Clinton Street, Hempstead, New York, in the County of Nassau.

5.      Segovia is an individual resident of the State of New York, with an address at 533 Chester Street, South Hempstead, New York, 11550, in the County of Nassau.

6.      At all times relevant to this action, Clinton employed 15 or more staff members.

7.      At all times relevant to this action, Clinton had gross operating revenues in excess of $500,000.00.

8.      At all times relevant to this action, Clinton engaged in interstate commerce.

9.      Plaintiff seeks to hold Defendants liable under various legal doctrines including, but not limited to, vicarious liability, strict liability, respondeat superior, aiding and abetting liability and other grounds.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the federal claims asserted herein in that they arise out of the laws of the United States.  *See,* 28 U.S.C. §1331 (federal questions) and 29 U.S.C. §2617 (enforcement).  This Court has supplemental jurisdiction over the New York State and common law claims pursuant to 28 U.S.C. §1367.

11.     Venue lies in the Eastern District of New York pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the judicial district.

## RELEVANT FACTS

12. Plaintiff began employment with Clinton in or around 2013.

13. Between 2013 and 2020, Plaintiff was an employee of Clinton.

14. Between 2013 and 2020, Plaintiff worked seven (7) days per week.

15. Between 2013 and 2020, Plaintiff worked twelve (12) hours per day.

16. Between 2013 and 2020, Plaintiff was paid $100.00 per day of work.

17. Between 2013 and 2020, Plaintiff was paid $8.33 per hour.

18. Segovia, John Doe and Jane Doe were responsible for the payment of wages.

19. Between August 1, 2013 and July 31, 2014, the minimum wage in Nassau County for an employee such as Plaintiff that did not receive health benefits was $15.21 per hour.

20. Between August 1, 2014 and July 31, 2015, the minimum wage in Nassau County for an employee such as Plaintiff that did not receive health benefits was $15.50 per hour.

21. Between August 1, 2015 and July 31, 2016, the minimum wage in Nassau County for an employee such as Plaintiff that did not receive health benefits was $15.78 per hour.

22. Between August 1, 2016 and July 31, 2017, the minimum wage in Nassau County for an employee such as Plaintiff that did not receive health benefits was $16.07 per hour.

23. Between August 1, 2017 and July 31, 2018, the minimum wage in Nassau County for an employee such as Plaintiff that did not receive health benefits was $16.41 per hour.

24. Between August 1, 2018 and July 31, 2019, the minimum wage in Nassau County for an employee such as Plaintiff that did not receive health benefits was $16.76 per hour.

25. Between August 1, 2019 and July 31, 2020, the minimum wage in Nassau County for an employee such as Plaintiff that did not receive health benefits was $17.06 per hour.

26. As such, Plaintiff was not paid at the level required by Nassau County during any

time she worked for Defendants.

27. The minimum wage levels described in the foregoing paragraphs applied to the first eight (8) hours of work performed each weekday.

28. For any hours worked by Plaintiff in excess of eight (8) hours per weekday, she was entitled to overtime pay of 150% of said minimum wage.

29. For each week worked between 2013 and 2020, Plaintiff is owed forty-four (44) hours of overtime pay.

30. Segovia, John Doe and Jane Doe are owners and operators of Clinton who set Clinton's payroll policies, including the unlawful practices complained of.  Through the relevant time period, upon information and belief, Segovia, John Doe and Jane Doe were in charge of determining Clinton's policies with respect to payroll and otherwise running the business of Clinton.

31. Segovia, John Doe and Jane Doe participated in the day-to-day operations of Clinton and acted intentionally and maliciously in their direction and control of Plaintiff and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as NYLL §2 and the regulations thereunder, and are jointly and severally liable with Clinton.

32. Defendants failed to provide Plaintiff with proper wage notices at the time of hire or February 1, of each year.

33. Defendants failed to provide Plaintiff with proper wage statements.

## AS AND FOR A FIRST CLAIM
### (Failure to Pay Wages Under the Fair Labor Standards Act)

34. Plaintiff repeats, reiterates and realleges each and every statement set forth above, as if more fully set forth at length herein.

4

35. This claim is authorized and instituted pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA"), as well as additional amounts as liquidated damages, costs and reasonable attorney's fees.

36. Defendants did not pay Plaintiff earned wages in violation of the FLSA.

37. Upon information and belief, Defendants failed to accurately record, report and/or preserve records of hours worked by Plaintiff and Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §§216(b) and 255(a), entitling Plaintiff to an award of liquidated damages and such other legal and equitable relief as the Court deems just and proper.

39. Plaintiff further seeks recovery of her attorney's fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

**AS AND FOR A SECOND CLAIM**
**(Failure to Pay Overtime Compensation Under the Fair Labor Standards Act)**

40. Plaintiff repeats, reiterates and realleges each and every statement set forth above, as if more fully set forth at length herein.

41. This claim is authorized and instituted pursuant to the provisions of the FLSA, and specifically under the provisions of 29 U.S.C. §207, to recover from Defendants unpaid overtime compensation as well as additional amounts as liquidated damages, costs and reasonable attorney's fees.

42. The provisions of 29 U.S.C. §207 provide, in relevant part:

> No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and one half times

5

the regular rate at which he is employed.

43. At all relevant times, Clinton was an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203.

44. At all relevant times, Clinton employed and continues to employ workers, including Plaintiff.

45. Plaintiff worked in excess of forty hours per week without lawful overtime compensation.

46. Despite the hours worked by Plaintiff, Defendants willfully, in bad faith and in knowing violation of the FLSA, failed and refused to pay Plaintiff overtime compensation.

47. Upon information and belief, Defendants failed to accurately record, report and/or preserve records of hours worked by Plaintiff and Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §§216(b) and 255(a), entitling Plaintiff to an award of liquidated damages and such other legal and equitable relief as the Court deems just and proper.

49. Plaintiff further seeks recovery of her attorney's fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

## AS AND FOR A THIRD CLAIM
**(New York Labor Law: Failure to Pay Wages)**

50. Plaintiff repeats, reiterates and realleges each and every statement set forth above, as if more fully set forth at length herein.

51. This count is brought under New York Labor Law ("NYLL") §190, *et seq.*, and reference is made to the NYLL in its entirety.

6

52. Defendants failed to pay Plaintiff's regular rate of pay for all hours worked in a work week.

53. Defendants did not pay Plaintiff for wages earned on a bi-weekly basis as required by the NYLL.

54. As Defendants' misconduct was also in willful disregard of the NYLL, Plaintiff is also entitled to an additional amount as liquidated damages equal to one hundred (100%) percent of the total of such underpayments found to be due and owing under the NYLL, including NYLL §663.

55. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid wages, liquidated damages, reasonable attorney's fees and the costs of this action, as well as pre-judgment and post-judgment interest.

**AS AND FOR A FOURTH CLAIM**
**(New York Labor Law: Unpaid Overtime Compensation)**

56. Plaintiff repeats, reiterates and realleges each and every statement set forth above, as if more fully set forth at length herein.

57. This count is brought under the NYLL §190, *et seq.*, and reference is made to the entire NYLL in its entirety.

58. At all relevant times, Plaintiff was an "employee" within the meaning of the NYLL.

59. At all relevant times, Clinton was an "employer" within the meaning of the NYLL.

60. The overtime wage provisions of Article 19 of the NYLL and it supporting regulations apply to Defendants.

61. Defendants failed to pay Plaintiff overtime wages for which she was entitled under the NYLL.

62. By Defendants' failure to pay Plaintiff premium overtime wages for hours worked

7

in excess of forty (40) hours per week, they willfully violated NYLL Article 19, §§650, *et seq*., and the supporting New York State Department of Labor Regulations including, but not limited to, 12 N.Y.C.R.R. Part 142.

63. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages, reasonable attorney's fees and the costs of this action, as well as pre-judgment and post-judgment interest.

## AS AND FOR A FIFTH CLAIM
**(Wage Notice Violations)**

64. Plaintiff repeats, reiterates and realleges each and every statement set forth above, as if more fully set forth at length herein.

65. Defendants have willfully failed to supply Plaintiff notice as required by NYLL Article 6, §195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiff as her primary language, containing Plaintiff's rate or rates of pay, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, §191; the name of the employer or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address, if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

66. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants fifty ($50) dollars per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred ($2,500.00) dollars per Plaintiff, as provided for by NYLL, Article 6, §§190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorney's fees, costs, pre-judgment and post-judgment interest, and injunctive and

8

declaratory relief.

## AS AND FOR A SIXTH CLAIM
### (Wage Statement Violations)

67. Plaintiff repeats, reiterates and realleges each and every statement set forth above, as if more fully set forth at length herein.

68. Defendants have willfully failed to supply Plaintiff a proper wage statement as required by NYLL, Article 6, §195(3).

69. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants one hundred ($100) dollars per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred ($2,500.00) dollars per Plaintiff, as provided for by NYLL, Article 6, §§190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorney's fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and NYLL;

B. Awarding Plaintiff damages for all losses resulting from Defendants' failures to pay proper wages and overtime wages;

C. Awarding Plaintiff liquidated damages under the FLSA and NYLL in the maximum amount permissible by statue given Defendants' willful conduct;

D. Awarding Plaintiff fifty ($50) dollars per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred ($2,500.00) dollars per

9

Plaintiff, as provided for by NYLL, Article 6, §§190, *et seq*., due to Defendants' failure to provide proper wage notices;

E. Awarding Plaintiff one hundred ($100) dollars per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred ($2,500.00) dollars per Plaintiff, as provided for by NYLL, Article 6, §§190, *et seq*., due to Defendants' failure to provide proper wage statements;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: Garden City, New York
December 18, 2020

Respectfully submitted,

**KAPOOR LAW FIRM, PLLC**

By: _____/S/_____
Ashish Kapoor, Esq.
400 Garden City Plaza, Suite 432
Garden City, New York 11530
(516) 307-8380
Fax: (516) 350-5580
akapoor@kapoorfirm.com
*Attorneys for Plaintiff Theresa Ramirez*