UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TERESA RAMIREZ,

                                Plaintiff,             **REPORT AND**
                                         **RECOMMENDATION**
    -against-

CLINTON PANADERIA, INC., HERGUER      20-CV-6143 (JS) (SIL)
SEGOVIA, MILTON AYALA, JOHN DOE
and JANE DOE,

                            Defendants.
----------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this wage and hour litigation, on referral from

the Honorable Joanna Seybert, is Plaintiff Teresa Ramirez's ("Plaintiff" or "Ramirez")

motion for default judgment against Defendants Clinton Panaderia, Inc. ("Clinton")

and  Herguer Segovia ("Segovia").  *See* Motion for Default Judgment ("Pl. Mot."), DE

[14]; Declaration in Support of Motion for Default Judgment ("Pl. Mem."), DE [14-1].

By way of Complaint dated December 18, 2020, followed by an Amended Complaint

dated April 8, 2021, Ramirez commenced this action against Clinton, Segovia, Milton

Ayala ("Ayala") John Doe and Jane Doe (collectively, "Defendants") alleging

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*., and the

New York Labor Law ("NYLL") §§ 190 *et seq*. for failure to pay minimum wage and

overtime compensation and provide wage notices and statements.  *See* Complaint

("Compl."), DE [1]; Amended Complaint ("AC"), DE [8].  Segovia and Clinton failed to

answer or otherwise respond to the Complaint, and the Clerk of the Court entered

Certificates of Default against them on April 8 and April 12, 2021 respectively.  DE

[13].  On April 28, 2022, Ramirez filed the instant motion for default judgment, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55(b)(2).  On May 9, 2022, Clinton and Segovia appeared and filed an opposition to Plaintiff's motion and cross-moved for an evidentiary hearing as to whether Segovia was properly served with the Summons and Complaint.  *See* Memorandum in Opposition ("Def. Opp."), DE [15]; Notice of Appearance, DE [16].  Judge Seybert referred the motion to this Court on June 28, 2022 for report and recommendation.  *See* June 28, 2022 Electronic Order.  For the reasons set forth below, the Court respectfully recommends denying Plaintiff's motion in its entirety and granting Clinton and Segovia's motion for a traverse hearing.

## I.    DISCUSSION

### A. Relevant Facts

All relevant facts are taken from the Amended Complaint and the parties' submissions are assumed true for purposes of resolving this motion. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

Ramirez, a resident of Nassau County, New York, was employed by Defendants in or around 2013 until sometime in 2020.  *Id.* ¶¶ 3, 12-13.  Clinton is a New York corporation with its principal place of business at 429 Clinton Street, Hempstead, New York 11550.  AC ¶ 4.  Segovia, Ayala, John Doe and Jane Doe are the owners and operators of Clinton and run the day-to-day operations of the company including hiring and firing employees, determining rates and methods of pay, setting work schedules and supervising employees' work.  *Id.* ¶¶ 19, 31-32.  During Plaintiff's employment, Defendants employed 15 or more staff members, were engaged in

2

interstate commerce, and had gross operating sales that exceeded $500,000, although Plaintiff fails to allege the type of business Clinton is engaged in. *Id*. ¶¶ 6-8.

Sometime in 2013, Defendants hired Ramirez, although she does not indicate what type of position she held or what her job duties were. *Id*. ¶12. During Plaintiff's eight-year employment, she worked seven days a week for twelve hours a day, totaling 84 hours per week, and she did not receive health benefits. *Id*. ¶¶ 14-15. Ramirez was paid $100 each day she had worked at $8.33 per hour, which was below minimum wage in Nassau County. *Id*. ¶¶ 16, 20-26. Defendants compensated Plaintiff at the same rate regardless of the number of hours worked each week and without an overtime premium for hours worked over 40 per week. *See id*. ¶¶ 17-18, 30. Ramirez further alleges that Defendants failed to provide her with proper wage notices and statements at the time of hiring or otherwise during her employment and also failed to keep records of the hours she worked. *Id*. ¶¶ 33-34, 48. As a result, Ramirez claims that Defendants acted intentionally, maliciously and willfully in their direction and control of Plaintiff, are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed her. *Id*. ¶¶ 31-32, 47.

### B. Procedural History

Based on the above, Ramirez commenced this action by Complaint on December 18, 2020, alleging violations of the FLSA §§ 201 *et seq*. and the NYLL §§ 190 *et seq*. for failure to pay minimum and overtime wages and provide wage notices and statements seeking compensatory, liquidated and statutory damages as well as

attorneys' fees and costs.  *See* Compl.; AC; Pl. Mem.  On December 28, 2020, the Summons and Complaint was served upon Segovia's niece and a copy was mailed to him at 533 Chester Street, South Hempstead, New York 11550.  DE [6].  On December 30, 2020, Plaintiff served the Summons and Complaint on Clinton through the New York Secretary of State pursuant to New York Business Corporation Law § 306.  DE [7].  Segovia and Clinton failed to answer or otherwise respond to the Complaint within the time allotted under the Federal Rules of Civil Procedure.  Pl. Mem. ¶ 7.  On April 8, 2021, Ramirez filed an Amended Complaint adding Ayala as a Defendant.  DE [8].  On that same day, Plaintiff requested a Certificate of Default from the Clerk of the Court against Clinton and Segovia.  DE [9].  The Clerk entered defaults pursuant to Fed. R. Civ. P. 55(a) on April 8 and April 12, 2021 for Segovia and Clinton respectively.  DEs [10], [13].

On April 28, 2022, Plaintiff filed the instant motion for default judgment.  *See* Pl. Mot.; Pl. Mem.  On May 9, 2022, Clinton and Segovia appeared and submitted an opposition to Plaintiff's motion arguing that the motion should be denied because service of process on Defendant Segovia was deficient necessitating an evidentiary hearing.  *See* Def. Opp. at 7-9.  They further argue that procedural deficiencies warrant denial of default judgment.  *Id.* at 9-14.  In support of their opposition, they submit Segovia's declaration, their attorney's affidavit, and a proposed Answer to Plaintiff's Amended Complaint.  *See* Segovia Decl. DE [18]; Mietus Decl., DE [17]; Def. Opp. Ex. H.  Segovia claims that the service address has not been his residence for over eight years and that he never received any documents regarding this lawsuit

4

until September 2021 and immediately sought counsel. Segovia Decl. ¶¶ 3-4. Judge Seybert then referred the motion to this Court on June 28, 2022 for report and recommendation. *See* June 28, 2022 Electronic Order. For the reasons set forth below, the Court recommends denying Plaintiff's motion and scheduling a traverse hearing.

## II.    DISCUSSION

### A. Plaintiff's Motion for Default Judgment

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Vermont Teddy Bear Co.*, 373 F.3d at 246; *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," however. *See Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18CIV5624ARRVMS, 2020 WL 6370148, at *6 (E.D.N.Y. Aug. 11, 2020), *report and recommendation adopted*, No. 18CV5624ARRVMS, 2020 WL 5105063 (E.D.N.Y. Aug. 31, 2020) (internal quotations and citations omitted). The entry of a default judgment is "entrusted to the sound judicial discretion of the

court," and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at \*1 (E.D.N.Y. Sep. 30, 2013) (citation omitted); *see also Guanglei Jiao*, 2020 WL 6370148, at \*6 ("District courts have 'sound discretion' to grant or deny a motion for default judgment.") (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993)).

Applying these standards, the Court concludes that a default judgment against Segovia and Clinton is not warranted, and the case should proceed on the merits. They have now appeared in the case, opposed Plaintiff's motion, and filed a proposed answer demonstrating that they seek to defend the action. Moreover, Ramirez has not shown that Segovia's and Clinton's defaults were willful or bad faith. Accordingly, the Court recommends that Plaintiff's motion for default judgment be denied.

## B. Defendants' Cross-Motion for a Traverse Hearing

Next, Clinton and Segovia cross-move for an evidentiary hearing on the issue of service. Pursuant to Federal Rule of Civil Procedure 4(e), an individual can by served by:

> (1) following state law for serving a summons in the state where the district court is located or where service is made; or (2) . . . (A) delivering a copy of the summons and complaint to the individual personally; (B) leaving a copy of each at the individuals dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In New York, a defendant can be served by delivering the summons and complaint within the state to: (1) the person to be served; or (2) a

person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing a copy to the party; or (3) an agent; or (4) by affixing a copy to the party's actual place of business, dwelling place or usual place of abode and by also mailing it if service under (1) and (2) cannot be made with due diligence. New York Civil Practice Law & Rules ("NYCPLR") § 308(1)-(4). A defendant can also be served "in such a manner as the court upon motion without notice . . . directs" if service under (1), (2), and (4) are "impracticable." *Id*. § 308(5).

Under New York law, a traverse hearing is required where genuine issues of fact exist as to whether service was proper. *Bruccoleri v. Gangemi*, 17-CV-7443, 2019 WL 499769, at *4 (E.D.N.Y. Feb. 8, 2019) (citing *CSC Holdings, Inc. v. Fung*, 349 F. Supp. 2d 613, 617 (E.D.N.Y. 2004) (concluding that a traverse hearing was required where defendant claimed that the building at which service was attempted was not his residence within the meaning of NYCPLR § 308(4)) (other citation omitted)). Initially, a process server's affidavit of service establishes a prima facie case of proper service. *Old Republic Ins. Co. v. Pacific Fin. Servs. Of Am., Inc.,* 301 F.3d 54, 57 (2d Cir. 2002) (citing *Nyctl 1997-1 Trust v. Nillas*, 288 A.D.2d 279, 732 N.Y.S.2d 872, 873 (2d Dep't 2001)). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Id.* at 56-57 (citing *Skyline Agency, Inc. v. Ambrose Coppotelli, Inc.*, 117 A.D.2d 135, 502 N.Y.S.2d 479, 483-84 (2d Dep't 1986)).

Applying these standards, the Court concludes that a traverse hearing should be held to determine whether service of the Summons and Complaint upon Segovia was proper. The process server's affidavit states that a copy of the Summons and Complaint was served upon Segovia's niece at his presumed residence of 533 Chester Street, South Hempstead, NY 11550, and it was also mailed to Segovia at this same address. *See* DE [6]. This establishes a prima facie case of proper service. *See* Fed. R. Civ. P. 4(e)(1); NYCPLR § 308(2). Segovia's sworn denial of receipt of service rebuts the presumption, however, warranting an evidentiary hearing. He claims that the address in the affidavit of service has not been his residence for over eight years and that he never received any documents regarding this lawsuit until September 2021 and then immediately sought counsel. Segovia Decl. ¶¶ 3-4. Accordingly, the Court recommends conducting a traverse hearing to determine if service of the Summons and Complaint upon Segovia was proper.

### III.    CONCLUSION

For the reasons set forth above, the Court recommends that Plaintiff's motion for default judgment against Segovia and Clinton be denied and that a traverse hearing be scheduled to determine whether service upon Segovia was proper.

### IV.    OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

8

6(a); *Ferrer v. Woliver*, 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008);

*Beverly v. 22 Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84

F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      December 19, 2022                /s/ Steven I. Locke
                                     STEVEN I. LOCKE
                                     United States Magistrate Judge